

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:21-cr-13-T-60-AEP

                                  8 U.S.C. § 1328

DAVID ALAN QUARLES         18 U.S.C. § 371
    a/k/a "D"                          18 U.S.C. § 1591
    a/k/a "D Money"           18 U.S.C. § 1952
                                  18 U.S.C. § 2421

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy)

**A.**    **The Conspiracy**

From a date unknown, but at least from in or around 2016 and continuing through on or about August 13, 2019, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly conspired with others, both known and unknown to the grand jury, to commit certain offenses against the United States, specifically:

    a.    importation of an alien for the purpose of prostitution, in violation of 8 U.S.C. § 1328;

    b.    sex trafficking of children or by force, threats, fraud, or coercion,

1

in violation of 18 U.S.C. § 1591;

    c.    transportation of an individual in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2421; and

    d.    using a facility of interstate commerce in aid of prostitution, in violation of 18 U.S.C. § 1952(a)(3)(A).

### B. Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among other things, the following:

    a.    It was a part of the conspiracy that QUARLES and the conspirators would and did recruit victims to engage in prostitution, some of whom were minors or residents of foreign countries.

    b.    It was a further part of the conspiracy that QUARLES and the conspirators would and did organize and arrange interstate travel for the victims, so that the victims would engage in prostitution in different cities across the United States, including in the Middle District of Florida.

    c.    It was a further part of the conspiracy that QUARLES and the conspirators would and did post advertisements, or direct the posting of advertisements, for victims on websites used to advertise prostitution.

    d.    It was a further part of the conspiracy that QUARLES would and did require the victims to send to QUARLES the money that the victims

made from prostitution or to seek permission from QUARLES to spend those funds on necessities.

   e.   It was a further part of the conspiracy that QUARLES and the conspirators would use violent, fraudulent, or otherwise coercive tactics—including physical violence, sexual assault, threats of violence, and misrepresenting the nature of the employment before they began working for QUARLES—to recruit victims or keep the victims engaged in prostitution.

   f.   It was a further part of the conspiracy that QUARLES and the conspirators used means and facilities of interstate commerce, including cell phones and the Internet, to direct victims to engage in prostitution, solicit payment from the victims, post or direct the posting of advertisements for commercial sex with the victims, arrange travel for the victims, and track the location of victims. QUARLES and the conspirators did so from, among other locations, within the Middle District of Florida.

### C.   Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, the conspirators committed and caused to be committed, within the Middle District of Florida and elsewhere, the following overt acts, among others:

   a.   From on or about June 28, 2016, through at least on or about December 30, 2016, QUARLES and the conspirators imported into the

United States, held, kept, maintained, controlled, supported, employed and harbored Victim 2, an alien, for purposes of prostitution;

      b.    From on or about January 31, 2016, through at least on or about June 12, 2017, QUARLES and the conspirators trafficked Victim 3 for purposes of prostitution by means of force, threats, fraud, and coercion;

      c.    On or about May 10, 2017, QUARLES and the conspirators transported Victim 3 and Victim 4 in interstate commerce for purposes of prostitution;

      d.    From on or about February 12, 2017, through at least on or about June 14, 2017, QUARLES and the conspirators used a cell phone and the Internet to promote prostitution involving Victim 5;

      e.    From on or about February 6, 2019, through on or about February 8, 2019, QUARLES and the conspirators transported Victim 6 in interstate commerce for purposes of prostitution;

      f.    In or around February 2019, QUARLES and the conspirators trafficked Victim 6 for purposes of prostitution by means of force, threats, fraud, and coercion; and

      g.    From on or about April 2, 2019, through on or about August 13, 2019, QUARLES and the conspirators used a cell phone and the Internet to promote prostitution involving Victim 7.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

From in or around 2009 through in or around 2014, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause Victim 1 to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2.

## COUNT THREE

From a date unknown, but at least from on or about June 28, 2016, through at least on or about December 30, 2016, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

imported into the United States, held, kept, maintained, controlled, supported, employed and harbored Victim 2, an alien imported into the United States for the purpose of prostitution, in pursuance of the unlawful importation of the alien into the United States and for the purpose of prostitution.

In violation of 8 U.S.C. § 1328 and 18 U.S.C. § 2.

## COUNT FOUR

From a date unknown, but at least from on or about January 31, 2016, through at least on or about June 12, 2017, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Victim 3, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause Victim 3 to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2.

## COUNT FIVE

On or about May 10, 2017, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly transported Victim 3 and Victim 4 in interstate commerce, from Ohio to Florida, with intent that Victim 3 and Victim 4 engage in prostitution.

In violation of 18 U.S.C. §§ 2421 and 2.

## COUNT SIX

From a date unknown, but at least from on or about February 12, 2017, through at least on or about June 14, 2017, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

used a facility of interstate and foreign commerce, namely a cell phone and the Internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity involving Victim 5, that is, prostitution in violation of Fla. Stat. § 796.07, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity and did distribute the proceeds of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3)(A) and 2.

## COUNT SEVEN

From on or about February 6, 2019, through on or about February 8, 2019, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly transported Victim 6 in interstate commerce, from Michigan to Florida, with intent that Victim 6 engage in prostitution.

7

In violation of 18 U.S.C. §§ 2421 and 2.

## COUNT EIGHT

In or around February 2019, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Victim 6, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause Victim 6 to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2.

## COUNT NINE

From a date unknown, but at least from on or about April 2, 2019, through on or about August 13, 2019, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

used a facility of interstate and foreign commerce, namely a cell phone and the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity involving Victim 7, that is, prostitution in violation of Ill. Comp. Stat.

§ 11-14, Ohio Rev. Code § 2907.25, and 18 Pa. Stat. § 5902, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity and did distribute the proceeds of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3)(A) and 2.

## COUNT TEN

From a date unknown, but at least from on or about April 7, 2019, through on or about August 13, 2019, in the Middle District of Florida, and elsewhere, the defendant,

DAVID ALAN QUARLES,

knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Victim 8, having had a reasonable opportunity to observe Victim 8, and knowing and in reckless disregard of the fact that Victim 8 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. § 1591(a) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Ten are

9

incorporated by reference for the purpose of alleging forfeiture.

2.  Upon conviction of a violation of 18 U.S.C. § 1591, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. 1594:

   a.  any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses, and any property traceable to such property; and

   b.  any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any property traceable to such property.

3.  Upon conviction of a violation of 8 U.S.C. § 1328 or 18 U.S.C. § 1952, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, committed for the purpose of financial gain.

4.  Upon conviction of a violation of 18 U.S.C. § 2421, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. 2428:

   a.  any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

   b.  any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of

such violation.

5. The property to be forfeited includes, but is not limited to, the following: the electronic devices seized on or about April 27, 2019, on or about August 13, 2019, and on or about August 23, 2019.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Colin P. McDonell
Assistant United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
January 21

No. _____

---

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

---

THE UNITED STATES OF AMERICA

vs.

DAVID ALAN QUARLES

---

**INDICTMENT**

Violations:  8 U.S.C. § 1328; 18 U.S.C. § 371;
18 U.S.C. § 1591; 18 U.S.C. § 1952;
and 18 U.S.C. § 2421

---

A true bill,

_____
Foreperson

---

Filed in open court this <u>13th</u> day

of January 2021.

_____
Clerk

---

Bail $_____

GPO 863 525