UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:21-cr-13-TPB-AEP

DAVID ALAN QUARLES,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS DIRECT AND DERIVATIVE EVIDENCE OBTAINED FROM ILLEGAL SEARCH AND SEIZURE"**

This matter is before the Court on Defendant David Quarles's "Motion to Suppress Direct and Derivative Evidence Obtained from Illegal Search and Seizure," filed by counsel on May 26, 2022. (Doc. 68). On June 6, 2022, the United States of America filed a response in opposition. (Doc. 69). On August 10, 2022, the Court held a hearing to address the motion. Upon review of the motion, response, testimony, arguments, case file, and the record, the Court finds as follows:

**Background**

On April 27, 2019, Defendant was returning from a cruise that had traveled to the Dominican Republic, the U.S. Virgin Islands, Puerto Rico, and Turks and Caicos. Upon arriving to Port Canaveral, he was detained by Customs and Border Patrol ("CBP") officials, who seized his cell phone. Reports indicate that the Coast Guard Investigative Service ("CGIS") had contacted CBP on April 20, 2019, to advise that Defendant was a possible target in a human trafficking investigation and that his cell phone and electronic devices should be seized upon his arrival. CBP officials manually searched Defendant's phone and then plugged phone into an electronic device,

presumably extracting data. Defendant's phone was ultimately confiscated and sent to the Tampa office of Homeland Security Investigation ("HSI") where it was further analyzed.

On June 13, 2019, law enforcement applied for a search warrant, relying heavily on information extracted from the phone. Subsequent search warrants that were obtained were also based largely on forensic evidence obtained from the phone, including GPS tracking data. An arrest warrant was executed on August 13, 2019. On January 13, 2021, a federal grand jury charged Defendant in a ten-count indictment, which included conspiracy, three counts of sex trafficking by force, fraud, and coercion, one count of attempted sex trafficking of a child, one count of importing an alien for prostitution, two counts of interstate sex trafficking under the Mann Act, and two counts of prostitution racketeering.

## Analysis

Defendant moves to suppress all evidence obtained from his cell phone, arguing that the search and seizure occurred without a warrant, probable cause, or reasonable suspicion. Defendant additionally argues that even if the seizure were reasonable at inception, it became unreasonable due to the delay in securing a search warrant.

### *Legality of Search and Seizure*

"[T]he Government's interest in preventing the entry of unwanted persons is at its zenith at the international border." *United States v. Flores-Montano*, 541 U.S. 149, 152 (2004); *see also United States v. Alfaro-Moncada*, 607 F.3d 720, 728 (11th Cir. 2010). The Eleventh Circuit has held that "searches at the border of the country never require probable cause or a warrant." *United States v. Touset*, 890 F.3d 1227, 1232

(11th Cir. 2018) (internal quotations omitted) (citing *United States v. Ramsey*, 431 U.S. 606, 619 (1977)); *see also United States v. Vergara*, 884 F.3d 1309 (11th Cir. 2018). Most searches, in fact, do not even require reasonable suspicion because "searches at the border are reasonable […] simply by virtue of the fact that they occur at the border."[1] *Touset*, 890 F.3d at 1232 (citing *Alfaro-Moncada*, 607 F.3d at 728); *see also United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985) (holding that routine searches of travelers and their belongings at an international border "are not subject to any requirement of reasonable suspicion, probable cause, or warrant.").

Although the United States Supreme Court has not directly addressed the issue of border searches as they pertain to computers or similar electronic devices, the Eleventh Circuit has held that reasonable suspicion is not required for customs officials to search a laptop or other electronic storage device at the border. *See Touset*, 890 F.3d 1236. Although the Ninth and Fourth Circuits have held differently, the Eleventh Circuit has acknowledged this disagreement but explained that it was unpersuaded by these views. *Id*. at 1234. The Court is bound by the decisions from the Eleventh Circuit. The motion is denied as to this ground.[2]

Defendant appears to argue that when it comes to the permissible scope of border searches, there should be a distinction between evidence of contraband and

---

[1] At the border, reasonable suspicion has been required only "for highly intrusive searches of a person's body." *Touset*, 890 F.3d at 1234 (citing *Alfaro-Moncada*, 607 F.3d at 729).
[2] The Court notes that even if some level of suspicion was required to support the search of Defendant's cell phone, the search would have certainly been supported by reasonable suspicion, if not probable cause. A victim had reported to law enforcement officers that she was transported across state lines and under false pretenses for the purpose of forcing and coercing her to engage in commercial sex. Law enforcement officers obtained independent proof that Defendant had paid to transport the victim, and facebook messages corroborated the victim's accounts.

contraband itself. Other courts have not restricted the search of electronic devices to contraband such as child pornography. *See, e.g., United States v. Williams*, 942 F.3d 1187, 1191 (10th Cir. 2019); *United States v. Molina-Isidoro*, 884 F.3d 287, 291-92 (5th Cir. 2018). The First Circuit Court of Appeal addressed the issue of border searches and explained that "advanced border searches of electronic devices may be used to search for contraband, evidence of contraband, or for evidence of activity in violation of the laws enforced or administered by CBP or ICE." *Alasaad v. Mayorkas*, No. 20-1077, 2021 WL 521570, at *8 (1st Cir. Feb. 9, 2021). In this case, the federal law enforcement agencies involved in the investigation, search, and seizure possessed authority to conduct investigations into actual, alleged, or suspected criminal activity, including customs laws and general federal crimes such as trafficking. The law enforcement agents were acting within the scope of their authority when they seized Defendant's cell phone and searched it for evidence of activity in violation of the laws enforced or administered by their agencies.

***Delay in Securing Search Warrant***

Defendant also argues that the evidence should be suppressed due to an unreasonable delay in securing a search warrant. Certainly, an unreasonable delay by law enforcement in obtaining a search warrant can turn what is a reasonable seizure into an unreasonable seizure. *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009). But there is no bright-line rule, and the reasonableness of any delay must be determined under the totality of the circumstances on a case-by-case basis. *Id*. at 1351. It appears the delay in this case did not exceed 47 days. Although it is not clear if or how any delay should be reviewed in the context of a border search, the Court

concludes that any delay in this case in securing the search warrant is not unreasonable.

*Good Faith Exception*

Finally, even if the Court had been persuaded that the seizure and search of Defendant's cell phone was improper, the good faith exception to the exclusionary rule would certainly apply. Given the Supreme Court and Eleventh Circuit law governing border searches at the time of the search, officers possessed an objectively good-faith belief that their conduct did not violate the Fourth Amendment because no level of suspicion is required at the border, or alternatively, they possessed reasonable suspicion that Defendant was engaged in criminal activity. *See United States v. Leon*, 468 U.S. 897 (1984). "[S]earches conducted in objectively reasonable reliance on binding judicial precedent are not subject to the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 241 (2011). The officers acted in good faith reliance on *Touset*, which is still binding in this circuit. As such, suppression is not warranted.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 25th day of August, 2022.

                                        **TOM BARBER**
                                        **UNITED STATES DISTRICT JUDGE**