UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

  v.          Case No. 8:21-cr-13-TPB-AEP

DAVID ALAN QUARLES

### MOTION IN LIMINE PURSUANT TO RULE 608 AND RULE 609

The United States moves this Court *in limine* pursuant to Fed. R. Evid. 608 and 609 with respect to the defendant's anticipated cross examination Special Agent Woods. For the reasons set forth below, the government respectfully requests that this motion be granted preferably prior to, or at least during, the witness' testimony.

### ARGUMENT

It is well established that a criminal defendant's "right to cross-examine . . . [the witnesses against him] is not unlimited." *United States v. Alonso*, 740 F.2d 862, 874 (11th Cir. 1984), *cert. denied*, 469 U.S. 1166 (1985). That right is constrained, in the first instance, by Fed. R. Evid. 608(b) and 609, both of which restrict the scope and evidence that may be employed to impeach a witness.

Rule 608(b) precludes the use of specific instances of conduct to attack a witness' character for truthfulness or untruthfulness unless, in the discretion of the Court, those instances of conduct are themselves probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b); *see United States v. Devery*, 935 F. Supp. 393, 407 (S.D.N.Y. 1996) (case

1

law interpreting the express purpose of Rule 608(b) makes clear that "not all prior bad acts are admissible to impeach a witness.") "The types of acts which satisfy this strict test are forgery, bribery, suppression of evidence, cheating, embezzlement, false pretenses, fraud, and perjury." *United States v. DeStefano*, 1995 WL 398763, *7 (N.D. Ill. June 29, 1995); *see also United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (prior acts which are the proper subject of cross-examination pursuant to Rule 608(b) are those "which involve an element of deceit, untruthfulness, or falsification"). "By contrast, acts involving force, intimidation, or based on *malum prohibitum* do not and should be excluded." *DeStefano*, *supra*.

Even if the nature of the prior act does concern a witness' truthfulness under Rule 608(b), its probative value must not be outweighed by its unfairly prejudicial effect, as provided for in Rule 403. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001); Devery, 935 F. Supp. at 407; Fed. R. Evid. 403 Advisory Committee Notes (although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence). The goal of the rules on impeachment by evidence of character or conduct is to ensure that the probative value of the evidence is high, while limiting the prejudicial dangers inherent in its use. *See* J. Weinstein & M. Berger, *Weinstein's Evidence* at 608-11 (1996).

Rule 609 likewise restricts those instances in which evidence of a witness' former commission of a crime may be utilized to attack his or her credibility. Such evidence of a prior crime is subject to certain time limitations and, unless it involves dishonesty or false statement, must be both a felony and survive a Rule 403 balancing.

A defendant's right to cross-examine the witnesses against him is not delimited solely by Rule 608(b) and Rule 609, however. As the courts have recognized, "trial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Laljie*, 184 F.3d at 192-193 (internal citations omitted).

Ultimately, a trial judge's decision to limit cross-examination will not be overturned absent "a clear abuse of discretion." *Novaton*, 271 F.3d at 1005 (citing *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992)). In *Novaton*, the Eleventh Circuit found that the district court did not abuse its discretion when it limited the cross-examination of an agent who had been accused of stealing narcotics in another unrelated case. *Id*. at 1007. The allegation had not been proven. The district court precluded the defendant from raising the matter during cross-examination because of its "obvious potential to cause serious and unfair prejudice to the government." *Id*.

In this case, Special Agent Wood has a pending civil complaint that alleges,

3

among other things, that Agent Woods "manipulate[d] and spoilate[d] evidence" and committed perjury at trial. The complaint was filed on or about September 29, 2022, in the U.S. District Court for the District of Alaska. *See* 3:22-cv-00208-RRB. Additionally, on or about October 10, 2022, the same individual lodged an internal complaint against Agent Woods with the Department of Homeland Security – Office of Inspector General ("DHS-OIG") for allegations of altering evidence. Neither the District Court of Alaska nor DHS-OIG have made any findings concerning these allegations, and therefore should not be allowed to be used by the defense as fodder for cross examination. *See United States v. Nelson*, 365 F. Supp.2d 381 (S.D.N.Y. 2005) (prohibiting extrinsic evidence and any cross examination of an officer in a defendant's criminal prosecution regarding matters pending against the officer before an administrative body where no findings had yet been made against the officer concerning the allegation).

Given the potentially prejudicial effect even the mention of any of the above allegations may have on the jury, the government respectfully requests that the Court enter an order preferably prior to, or at least during, the witness' testimony which specifically prohibits any questioning by defense counsel regarding such allegations.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that its motion *in limine* pursuant to Fed. R. Evid. 608 and 609 be granted preferably prior to, or at least during, the witness' testimony.

                                Respectfully submitted,

                                ROGER B. HANDBERG
                                United States Attorney

By:   /s/ Lisa M. Thelwell
        Lisa M. Thelwell
        Assistant United States Attorney
        Florida Bar No. 100809
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: lisa.thelwell@usdoj.gov

| U.S. v. Quarles | Case No. 8:21-cr-13-TPB-AEP |
|---|---|

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Bryant Scriven, Esq.

    */s/ Lisa M. Thelwell*
    Lisa M. Thelwell
    Assistant United States Attorney
    Florida Bar No. 100809
    400 N. Tampa Street, Suite 3200
    Tampa, Florida 33602-4798
    Telephone:  (813) 274-6000
    Facsimile:   (813) 274-6358
    E-mail: lisa.thelwell@usdoj.gov