# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  CASE NO. 8:21-cr-13-TPB-AEP

DAVID ALAN QUARLES

_____/

## COURT'S INSTRUCTIONS TO THE JURY

November 4, 2022

_Tom Barber_
Tom Barber
United States District Judge

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, the attorneys will present their closing arguments and you will then go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

# THE DUTY TO FOLLOW INSTRUCTIONS AND
# THE PRESUMPTION OF INNOCENCE

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of my instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## INTRODUCTION TO OFFENSES INSTRUCTION

The superseding indictment charges nine (9) separate crimes, called "counts," involving eight (8) different victims. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations that further clarifies this.

Counts Two through Nine charge that the Defendant committed what are called "substantive offenses." I will explain the law governing those substantive offenses in greater detail in a moment, but I want to briefly introduce you to those offenses now.

Defendant is charged with committing sex trafficking by force, threats of force, fraud, or coercion in Count Two (Victim #1), and Count Four (Victim #3). Defendant is charged with attempted sex trafficking of a minor in Count Ten (Victim #8).

Defendant is charged with importing an alien for prostitution in Count Three (Victim #2).

Defendant is charged with transportation of an individual in interstate commerce for purposes of prostitution in Count Five (Victim #3 and Victim #4) and Count Seven (Victim #6).

And Defendant is charged with using a facility in interstate or foreign commerce to aid in illegal activity in Count Six (Victim #5) and Count Nine (Victim #7).

In Count One the Defendant is not charged with committing a substantive offense – he is charged with <u>conspiring</u> to commit the substantive offenses that were just discussed.

# CONSPIRACY
## (Count 1)

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the superseding indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First: two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second: the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third: during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the superseding indictment; and

Fourth: the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## Multiple Objects of a Conspiracy

In this case, regarding the alleged conspiracy, the superseding indictment charges that the Defendant conspired to commit importation of an alien for prostitution; sex trafficking of children by force, threats of force, fraud, or coercion; transportation of an individual in interstate commerce for purposes of prostitution; and using a facility of interstate commerce in aid of prostitution. In other words, the Defendant is charged with conspiring to commit four separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit all of the substantive crimes just mentioned. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit any one of those crimes. As such, you may find the Defendant conspired to commit all, some, or none of the substantive crimes. But to return a

verdict of guilty, you must all agree on which of the four substantive crimes the Defendant conspired to commit.

## Withdrawal from a Conspiracy

A conspiracy isn't a crime unless (1) there is an agreement, and (2) a conspirator performs an overt act.

So, if a Defendant joins a conspiracy but later has a change of mind and withdraws from the conspiracy before any conspirator has committed an "overt act," the Defendant isn't guilty of conspiracy.

But to find that a Defendant withdrew from a conspiracy, you must find that the Defendant took action to disavow or defeat the purpose of the conspiracy before any member of the conspiracy committed any overt act.

# SEX TRAFFICKING
## BY FORCE, FRAUD, OR COERCION
### (Count 2 – Victim 1)

It's a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, or patronize by any means a person, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, or coercion will be used to cause the person to engage in a commercial sex act.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt as to Victim 1:

First: the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, or patronized by any means the individual named in the superseding indictment;

*or*

the Defendant benefited financially, or received anything of value, from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, or patronized by any means the individual named in the superseding indictment;

Second: that the Defendant did so knowingly or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to

cause the person named in the superseding indictment to engage in a commercial sex act; and

Third: that the Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

"Coercion" means:

(a) threats of serious harm to or physical restraint against any person; or

(b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(c) the abuse or threatened abuse of law or the legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that

person to take some action or refrain from taking some action.

"Serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of sex trafficking by force, fraud, or coercion.

# IMPORTING AN ALIEN FOR PROSTITUTION
## (Count 3 – Victim 2)

It's a Federal crime for anyone to directly or indirectly import into the United States an alien for the purpose of prostitution.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First:    That the Defendant imported a person, Victim 2, into the United States;

Second:    That the person was an alien; and

Third:    That the Defendant did so for the purpose of prostitution, or did keep, maintain, control, support, employ, and harbor in any house, for the purpose of prostitution, Victim 2, in pursuance of such illegal importation.

In considering whether the Defendant imported a person, I instruct you to use the ordinary, everyday definitions of the term "import." "Import" means to bring in from a foreign or external source.

An "alien" is any person who is not a natural-born or naturalized citizen, or a national of the United States.

A "citizen of the United States" is a person who was born within the United States or naturalized through judicial proceedings. A person who was born outside the United States is a citizen of the United States

if both parents were United States citizens and at least one of them had a residence in the United States before the birth.

A "national of the United States" includes any United States citizen and any noncitizen who owes permanent allegiance to the United States.

"Prostitution" means the performance of a "commercial sex act," that is, the performance of a sex act on account of which anything of value is given to or received by any person.

## SEX TRAFFICKING
## BY FORCE, FRAUD, OR COERCION
### (Count 4 – Victim 3)

Count 4 involves the same charge as Count 2, but Count 4 applies only to Victim 3. To determine your verdict on Count 4, you should refer to the prior instruction I gave you for Count 2. Understanding, of course, that all of the elements specified in Count 2 must be proven as to Victim 3.

# TRANSPORTATION FOR PURPOSES OF PROSTITUTION
## (Count 5 – Victims 3 and 4)

It's a Federal crime for anyone to transport any individual in interstate or foreign commerce with intent that such individual engage in prostitution.

The Defendant can be found guilty of this crime as to Victim 3 only if all the following facts are proved beyond a reasonable doubt as to Victim 3:

First: the Defendant knowingly transported any individual in interstate or foreign commerce; and

Second: the Defendant did so with intent that the individual engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

The Defendant can be found guilty of this crime as to Victim 4 only if all the following facts are proved beyond a reasonable doubt as to Victim 4:

First: the Defendant knowingly transported any individual in interstate or foreign commerce; and

Second: the Defendant did so with intent that the individual engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

## USING A FACILITY IN INTERSTATE OR FOREIGN COMMERCE TO AID IN ILLEGAL ACTIVITY
### (Count 6 – Victim 5)

It's a Federal crime for anyone to use any facility in interstate or foreign commerce in order to carry on certain unlawful activities.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First: The Defendant used any facility in interstate or foreign commerce between, on, or about the dates described in the superseding indictment;

Second: The Defendant did so with the intent to promote, manage, establish, carry on, or facilitate an unlawful activity; and

Third: The Defendant thereafter knowingly performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate an unlawful activity.

The term "used any facility in interstate commerce" means using any method of communication or transportation between one state and another, for example, the internet or a phone. The term "interstate commerce" means travel, transportation, or movement between one state and another state. The term "foreign commerce" means travel, transportation, or movement between some place within the United States and some place outside the United States.

The government does not have to prove that the Defendant's use of a facility in interstate or foreign commerce was essential to the unlawful activity. The use of a facility can be minimal or merely incidental, as long as the government proves beyond a reasonable doubt that it was connected to the unlawful activity, and that it facilitated the promotion, management, establishment, or carrying on of the unlawful activity. To facilitate means to make easy or less difficult. Furthermore, the Government does not have to prove that the defendant knew or intended that an interstate facility would be used. The act in furtherance of the unlawful activity need not itself be illegal.

"Unlawful activity" includes any business enterprise involving prostitution and related acts in violation of the laws of the State in which they were committed. Prostitution violates the law in the states of Florida, Illinois, Ohio and Pennsylvania. The Government does not have to prove that the unlawful objective was accomplished or that the reference State law was actually violated.

A "business enterprise" is a continuous course of conduct or series of transactions to make a profit, not a casual, sporadic, or isolated activity. For this crime, the term includes illegal activities. It doesn't

matter whether the illegal activity lasted for a particular length of time or was or was not the Defendant's primary occupation. What the Government must prove beyond a reasonable doubt is that the Defendant was involved in a business enterprise, as just defined, rather than casual, sporadic, or isolated activities.

The crime charged is using any facility in interstate or foreign commerce with the intent to promote, manage, establish, and carry on an unlawful activity. The statute lists various ways or methods that violate the law. So if you find beyond a reasonable doubt that the defendant violated the law in any one particular way, that's sufficient to find the defendant guilty. But you must unanimously agree on the particular way in which the defendant violated the law in order to find the defendant guilty.

## TRANSPORTATION FOR PURPOSES OF PROSTITUTION
### (Count 7 – Victim 6)

Count 7 involves the same charge as Count 5, but Count 7 applies only to Victim 6. To determine your verdict on Count 7, you should refer to the prior instruction I gave you for Count 5. Understanding, of course, that all of the elements specified in Count 5 must be proven as to Victim 6.

## USING A FACILITY IN INTERSTATE OR FOREIGN COMMERCE TO AID IN ILLEGAL ACTIVITY
### (Count 9 – Victim 7)

Count 9 involves the same charge as Count 6, but Count 9 applies only to Victim 7. To determine your verdict on Count 9, you should refer to the prior instruction I gave you for Count 6. Understanding, of course, that all the elements specified in Count 6 must be proven as to Victim 7.

## ATTEMPTED SEX TRAFFICKING OF A MINOR
### (Count 10 – Victim 8)

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case, the Defendant is charged in Count Ten with attempting to commit sex trafficking of a child.

The Defendant can be found guilty of sex trafficking of a child only if all the following facts are proved beyond a reasonable doubt as to Victim 8:

First: the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person;

Second: that the Defendant did so knowing or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

Third: that the Defendant's acts were in or affected interstate or foreign commerce.

In addition, the Defendant can be found guilty of an attempt to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly intended to commit the crime of sex trafficking of a child; and

Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

# AIDING AND ABETTING; AGENCY

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## ON OR ABOUT; KNOWINGLY; WILLFULLY

You'll see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

# CONJUNCTIVE CHARGE

In this case, I have reviewed the pertinent parts of federal statutes (or laws) which are alleged to have been violated. Where a statute specifies several alternative ways in which an offense may be committed, the superseding indictment may allege the several ways in the conjunctive, that is, by using the word "and." Thus, if only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

# DEFINITION OF "REASONABLE DOUBT"

The Government's burden of proof is heavy, but it doesn't have to prove the Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## ARGUMENT OF COUNSEL;
## CIRCUMSTANTIAL EVIDENCE;
## COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

# CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his or her testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

## SIMILAR ACTS EVIDENCE

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the superseding indictment. This evidence was admitted and may be considered by you only for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crimes charged in the superseding indictment or the Defendant committed the acts charged in the superseding indictment by accident or mistake.

# NOTE-TAKING

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

# VERDICT FORM

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.

A verdict form has been prepared for your convenience, and I will explain it to you now.

You will take the verdict form with you to the jury room when you deliberate. When you've all agreed on the verdict, the foreperson must fill in the form, sign it, date it, and bring it back when you return to the courtroom. It will be read out loud in the presence of all the parties.

## DELIBERATIONS AND VERDICT

When you get to the jury room, the first thing you should do is choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

Your deliberations are secret, and you'll never have to explain your verdict to anyone.

As previously mentioned, your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you wish to communicate with me at any time, please write down your message or question and give it to the Bailiff. The Bailiff will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time. If you have questions, I am required to reconvene court and talk with the attorneys before I answer; this process may take some time. You may continue your deliberations while you wait for my answer.

Thank you for your attention. You may now retire to the jury room and begin your deliberations.